PER CURIAM.
Appellant, Davia Campillo Garcia (“Garcia”) was tried and convicted of unlawful issuance of an identification card in violation of subsection 322.212(3), Florida Statutes (2000), unlawfully supplying an identification card in violation of subsection 322.212(4), Florida Statutes (2000), official misconduct by falsification of identification card in violation of section 839.25, Florida Statutes (2000), and unlawful modification of computer data in violation of subsection 815.04(1), Florida Statutes (2000). We affirm in part and reverse in part.
Garcia argues that the trial court made several improper comments during voir dire examination that denied her right to an impartial tribunal. Although defense counsel failed to object, Garcia argues that the comments were so improper that the trial court committed fundamental error. When the specific remarks are read in their entire context, we are unable to say that there was fundamental error. See Randall v. State, 760 So.2d 892, 900-01 (Fla.2000); see also Ray v. State, 403 So.2d 956, 960 (Fla.1981) (“The failure to object is a strong indication that, at the time and under the circumstances, the defendant did not regard the alleged fundamental error as harmful ,or prejudicial.”).
We find no merit to Garcia’s argument that her , convictions under subsections 322.212(3) and (4), Florida Statutes (2000), constituted a double jeopardy violation.
Subsection 322.212(3), Florida Statutes (2000), provides:
It is unlawful for any employee of the department to allow or permit the issuance of a driver’s license or identification card when he or she knows that the applicant has not lawfully fulfilled the requirements of this chapter for the issuance of such license or identification card.
(Emphasis added).
Subsection 322.212(4), Florida Statutes (2000), provides:
It is unlawful for any person to agree to supply or to aid in supplying any person with a driver’s license or identification card by any means whatsoever not *1084 in accordance with the provisions of this chapter.
(Emphasis added).
Subsection (3) requires a showing that the defendant allowed or permitted the issuance of a license or identification card when the defendant knew that the applicant had not satisfied the legal requirements. Subsection (3) applies only to employees of the Department of Highway Safety and Motor Vehicles.
Subsection (4) requires a showing that the defendant entered into an agreement to supply someone with a license or identification card by any means not in accordance with chapter 322, Florida Statutes. Alternatively, subsection (4) requires a showing that the defendant aided in supplying such an unqualified person with a license or identification card. Subsection (4) applies to any person, not just a Department employee.
Thus in subsection (3) it need only be shown that a Department employee allowed or permitted the issuance of a license or identification card to one who is not qualified, whereas under subsection (4) there is a requirement for either a showing of an agreement or a showing that the defendant affirmatively aided in supplying an unqualified person with a license or identification card. Under the first alternative — the showing of an agreement — the agreement must only be shown to exist and does not have to be carried out. As each subsection contains an element that the other does not, there is no double jeopardy violation. See M.P. v. State, 682 So.2d 79, 81 (Fla.1996).
We also find that the evidence supported Garcia’s conviction for falsifying, or causing another to falsify, any official record or official document in violation of section 839.25, Florida Statutes (2000), and affirm on that point. The evidence showed that Garcia asked another worker to enter information in the computer and issue an identification card to the undercover operative, who was posing as a person who needed an identification card but did not have the required documentation. The employee entered the information and issued an identification card to the undercover operative. Garcia gave the employee three hundred dollars for doing so. Section 839.25 prohibits a public servant from “knowingly falsifying, or causing another to falsify, any official record or official document.” Id. § 839.25(1) (emphasis added).* The evidence is legally sufficient to support the conviction.
However, we reverse the conviction for modifying intellectual property. Subsection 815.04(1), Florida Statutes (2000), provides:
Whoever willfully, knowingly, and without authorization modifies data, programs, or supporting documentation residing or existing internal or external to a computer, computer system, or computer network commits an offense against intellectual property.
(Emphasis added). The offense is a felony. See id. § 815.04(4)(b).
This statute addresses what is colloquially referred to as “hacking.” It prohibits someone from altering information that already exists in a computer system. In other words, if Garcia had without authority modified information already existing in the computer system, she would have been in violation of subsection 815.04(1).
*1085 Here, the evidence showed that no existing data was modified. Garcia caused new information to be entered for the first time into the computer system and an identification card was issued. There was no evidence to establish that anyone modified data which already existed in the computer system. The evidence here did not support a conviction for modifying intellectual property under subsection 815.04(1). See Newberger v. State, 641 So.2d 419, 420-21 (Fla. 2d DCA 1994) (“The record left in the system did not modify the existing data in any way, it merely added additional material. While cases may exist where the addition of information to a computer will constitute a modification, this is not one of them.”) We reverse the conviction and remand to the trial court to enter a judgment of acquittal on that count.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

 Effective October 1, 2003, the statute was rewritten as section 838.022, Florida Statutes, and section 839.25, Florida Statutes, was repealed. See ch. 2003-158, §§ 5, 7, 10, Laws of Fla. The repeal of the earlier statute does not affect the current prosecution. See Fla. Const. Art. X, § 9.